Joyce v. Haines.

## AMANDA S. JOYCE

*v.*

## ANNA M. HAINES et al.

A bill to establish a resulting trust averred merely that C. (the husband) was married to K. in 1827, and that lands were conveyed to him in 1831, but that the consideration therefor was paid by the wife "out of her own estate."— *Held*, insufficient. The court cannot infer, from such averment, that the wife had a separate estate, and that the consideration for such land was paid there-from, or for its benefit. As the law stood at her marriage, her property, other than her separate estate, vested in her husband, and even if the money was her separate estate, she might have given it to her husband.

Bill for relief.    On general demurrer.

*Mr. C. E. Hendrickson*, for demurrant.

*Mr. W. A. Barrows*, for complainant.

THE CHANCELLOR.

The bill states that Caleb A. L. Shinn and Rebecca, his wife, were married in 1827, and that in 1831, Joseph Kirkbride, assignee of Abraham Hays, conveyed to Shinn certain real estate

in Vincentown, in Burlington county; that the consideration, $1,092, named in the deed and actually paid, was paid by Mrs. Shinn "out of her own estate," although the title to the property was conveyed to Shinn, and that no part of it was paid by him; that afterwards, in 1844, Shinn and his wife conveyed the premises, with other property, to his mother in law, Ann Lodge, by voluntary conveyance, and merely to shift the title to elude his creditors, and she, in 1854, conveyed the property back to him, without consideration, except the agreement for re-conveyance made between her and him, made on the conveyance to her that part of the property was conveyed away by Shinn and his wife; that she died intestate, in 1874, leaving him and her two daughters, the complainant and Anna M. Haines, surviving her; that they were her only heirs at law; that Shinn died in 1880, leaving a will, which has been proved, by which he gave all his lands in Vincentown to his daughter, Mrs. Haines; that the latter claims to be the owner in fee of so much of the property conveyed by Kirkbride, assignee to Shinn, as before mentioned, as the latter was seized of at his death, and that she, with her husband, has mortgaged it, with other land, to Sarah A. Tomlinson. It "charges and insists" that on the death of Mrs. Shinn intestate, her equitable estate and interest existing in the property by reason of her having paid the purchase-money therefor, descended to and vested in Mrs. Haines and the complainant, as tenants in common, subject to Shinn's tenancy by the curtesy, and that he had no further or other estate in the property except as trustee for them. It denies that Mrs. Haines has any title as devisee, but alleges that she has only title to an equal undivided half, as one of the heirs at law of her mother, while it insists that the complainant is, in like manner, entitled to the other half. It prays a discovery merely, with general relief. The bill is founded on the theory that a resulting trust in favor of Mrs. Shinn, in the property, arose from the fact that the consideration of the conveyance from Kirkbride, assignee to her husband, was paid by her out of her own funds. The averment is that it was paid by her "out of her own estate;" not that it was paid out of her separate estate. The pleader may

Joyce v. Haines.

have intended to aver that she had a separate estate, and that the consideration was paid out of it for her own benefit, or that of her separate estate, but he has not done so. If the money had been part of her separate estate, and she had given it to her husband as a gift, to enable him to pay the consideration money of the conveyance, no trust would have resulted to her. If the money was not her separate estate, under the law as it stood at the time of her marriage, it became the property of her husband, and, of course, no trust resulted from his use of it in paying the consideration money of the conveyance of land to him. The bill "charges and insists" that a trust resulted to Mrs. Shinn by reason of her payment of the purchase money merely, and that on her death, her husband had, beside his curtesy, no estate in the property except as trustee for the complainant and her sister, Mrs. Haines, but there is no averment that the property was bought for Mrs. Shinn, or was to be held in trust for her, or that she was to be the owner of it, notwithstanding the title was taken by her husband. The claim to relief is wholly based on the allegation that the consideration money was paid by her out of her own estate, without even denying that it was paid on account and for the benefit of her husband. It is too much to intend, from the simple averment that the money was paid out of her own estate, that she not only had a separate estate, but that the money was paid out of it, and for her own separate benefit, in the purchase of the property. It would seem, from the statements of the bill, that the idea of the complainant is that the mere payment by a married woman, before the passage of our married women's act, of the purchase money of land conveyed to her husband, out of money which was hers at her marriage, or became hers afterwards, though not settled to her separate use, of itself created a resulting trust in the land, in her favor, and made her husband trustee thereof for her, though the land was bought by him and for his own use. It is unnecessary to say that that proposition cannot be maintained. If the bill is based on the fact that Mrs. Shinn had a separate estate, out of which and for the benefit whereof the payment

was made, to the end that she should be the beneficial owner of the property, to her separate use, the averments are insufficient.

The demurrer will be sustained.